# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Wake Energy, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>(1) Canvas Energy LLC, formerly known as Chaparral Energy, L.L.C.,<br><br>Defendant. | Case No. CIV-25-249-JAR<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff, Wake Energy, LLC ("Plaintiff"), on behalf of itself and all others similarly situated, brings this Class Action Complaint against Canvas Energy LLC, formerly known as Chaparral Energy, L.L.C. ("Defendant"), and alleges and states the following.

### SUMMARY

1.  This class action concerns Defendant's willful and ongoing violations of Oklahoma law related to the interest owed on untimely payments of proceeds derived from the sale of oil and gas production to those legally entitled thereto.

2.  Oklahoma's Production Revenue Standards Act ("PRSA") requires holders of proceeds derived from the sale of oil and gas production, like Defendant here, to pay interest on "proceeds from the sale of oil or gas production or some portion of such proceeds [that] are not paid prior to the end of the applicable time periods provided" by statute. 52 O.S. § 570.10(D).

3. The PRSA imposes automatic interest on late payments. Compliance with the PRSA is not optional, and the statute contains no demand requirement before an owner is entitled to statutory interest.

4. Defendant knows it is bound by statute to pay interest on late payments, but has consistently ignored these obligations and deliberately violated Oklahoma law.

5. Defendant does not automatically pay the interest it owes on untimely payments of oil and gas proceeds. Instead, upon information and belief, it has a policy of only paying statutory interest when those legally entitled thereto demand it, despite the fact that no such demand requirement exists.

6. Plaintiff brings this class action to recover damages for itself and all similarly situated owners who received untimely payments from Defendant for which it did not pay the interest required by the PRSA.

## PARTIES

7. Plaintiff is an Oklahoma limited liability company with its principal place of business in Edmond, Oklahoma.

8. Plaintiff owns an oil and gas interest for which Defendant owed a duty under Oklahoma law to timely remit proceeds to Plaintiff.

9. Defendant is a Delaware limited liability company with its principal place of business located in Oklahoma City, Oklahoma. Defendant may be served with process by serving its registered agent: Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, Oklahoma 73159.

10. Defendant is in the business of producing oil and gas and constituent products from the oil and gas properties in which the class members hold interests.

11. Defendant remits proceeds from oil and gas production to class members.

12. Defendant operates wells in which Plaintiff owns royalty interests.

13. Defendant remits oil and gas proceeds to Plaintiff for production from the wells in which Plaintiff owns an interest.

14. At all times relevant to the claims asserted in this Class Action Complaint, Defendant was obligated to pay oil and gas proceeds to Plaintiff and the putative class.

## JURISDICTION & VENUE

15. The preceding allegations are fully incorporated by reference.

16. This Court has original jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. § 1332(d) because this is a class action in which the amount in controversy exceeds the sum of $5,000,000, and because members of the class and Defendant are citizens of different states.

17. This Court has personal jurisdiction over Defendant because it has minimum contacts with this District related to the claims in this case.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## FACTUAL ALLEGATIONS

19. The preceding allegations are fully incorporated by reference.

20. The PRSA requires that "[p]roceeds from the sale of oil or gas production from an oil or gas well shall be paid to persons legally entitled thereto . . . commencing not later than six (6) months after the date of first sale, and . . . thereafter not later than the last day of the second succeeding month after the end of the month within which such production is sold." 52 O.S. § 570.10(B)(1)(a)–(b).

21. When a holder fails to pay oil and gas proceeds within those timelines, the holder automatically owes interest on the late payment. *See id.* § 570.10(D)(1)–(2). No notice or demand required before an owner is entitled to statutory interest. *See, e.g., Pummill v. Hancock Expl. LLC*, 419 P.3d 1268, 1272 (Okla. Civ. App. 2018); *Cline v. Sunoco, Inc.*, Case No. 17-CV-313-JAG, 2019 WL 6720206, at *7 (E.D. Okla. Dec. 10, 2019).

22. Despite this clear statutory obligation, Defendant does not automatically pay interest on all late payments.

23. Instead, upon information and belief, Defendant only pays statutory interest to owners who demand it, even though the statute contains no such demand requirement.

24. For example, Defendant paid Plaintiff proceeds in February of 2022 that were attributable to September of 2021 production from the Dora Bell Bach #2-35H well in Major County, Oklahoma.

25. The September of 2021 proceeds paid in February of 2022 from the Dora Bell Bach #2-35H well were not for first sales of production.

26. Defendant has not paid statutory interest to Plaintiff for the February of 2022 payment of September of 2021 proceeds.

## CLASS ACTION ALLEGATIONS

27. The preceding allegations are fully incorporated by reference.

28. Plaintiff brings this action on behalf of themselves and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All non-excluded persons or entities who: (1) received late payments under the PRSA from Defendant (or Defendant's designee) for oil and gas proceeds from Oklahoma wells, or whose proceeds were sent as unclaimed property to a government entity by Defendant; and (2) whose proceeds did not include the statutory interest required by the PRSA.
>
> Excluded from the Class are: (1) Defendant, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; and (3) any Indian Tribe as defined at 30 U.S.C. § 1702(4) or Indian allotee as defined at 30 U.S.C. § 1702(2).

29. Upon information and belief, absent Class members entitled to interest owing on Defendant's late payments number in the thousands. For example, Defendant operates over 600 wells in Oklahoma, and there are at least dozens of owners in each of these wells. Thus, the Class is so numerous that joinder of all members is impracticable.

30. The questions of fact and law common to the Class include:

   a. Whether Plaintiff and the Class own legal interests in the Oklahoma properties upon which Defendant has an obligation to pay oil and gas proceeds;

   b. Whether, under Oklahoma law, Defendant owed interest to Plaintiff and the Class on any late payments under the PRSA;

  c. Whether Defendant's failure to pay interest to Plaintiff and the Class on any late payments constitutes a violation of the PRSA;

  d. Whether Defendant is obligated to pay interest on future late payments under the PRSA.

31. Plaintiff's claims are typical of the Class because each Class member's claims are identical.

32. Defendant treated Plaintiff and the Class in the same way by failing to pay the required interest on late payments under the PRSA.

33. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil and gas matters, accounting, and complex civil litigation, including oil and gas royalty class actions.

34. The averments of fact and questions of law in this Class Action Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

  a. The questions of law and fact are so numerous across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;

  b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member, with the same scope of Class membership sought in this Class Action Complaint against Defendant relating to its failure to pay interest owing on the late payment of oil and gas proceeds as required by law;

c. All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member—not only those who can afford to bring their own actions; and

e. Absent a class action, Plaintiff and the Class members may never fully discover the wrongful acts of Defendant, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Defendant.

## CAUSE OF ACTION

### Breach of Statutory Obligation to Pay Interest

36. The preceding allegations are incorporated by reference.

37. Plaintiff brings this cause of action on behalf of itself and the Class.

38. Plaintiff and the Class were legally entitled to the payments of oil and gas proceeds from Defendant.

39. Section 570.10 of the PRSA requires Defendant to pay oil and gas proceeds according to the applicable statutory time periods.

40. The PRSA further requires Defendant to automatically pay interest when it makes payments outside of the applicable statutory time periods.

41. Defendant failed to timely pay oil and gas proceeds it owed to Plaintiff and the Class.

42. In violation of the PRSA, when Defendant ultimately made its late payments to Plaintiff and the Class, Defendant did not pay the interest required by the PRSA.

43. Defendant's failure to pay interest under the PRSA was knowing and intentional. Defendant is aware of its statutory obligations to automatically pay interest on

late payments, but instead, upon information and belief, only pays interest when owners demand it.

44. Defendant's failure to pay interest it owes under the PRSA has caused Plaintiff and the Class to suffer harm.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38, Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representatives and the undersigned counsel as class counsel;

2. An order requiring Defendant to pay Plaintiff and the Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of Defendant's breaches and unlawful conduct, including, without limitation, the compounded interest on late payments as required by law;

3. An order requiring Defendant to pay interest in the future, as required by law, to Plaintiff and the Class;

4. An order awarding punitive damages as determined by the jury, which is demanded herein, and in accordance with Oklahoma law on each of Defendant's wrongful acts, as alleged in this Class Action Complaint;

5. An order requiring Defendant to pay the Class's attorney fees and litigation costs as provided by statute; and

6. Such costs and other relief as this Court deems appropriate.

Respectfully submitted,

By: /s/ Randy C. Smith
Randy C. Smith, OBA #21824
**RANDY C. SMITH AND ASSOCIATES**
One Leadership Square, Suite 1310
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone: 405.641.8662
randy@rcsmithlaw.com
*ATTORNEY FOR PLAINTIFF*